OPINION
{¶ 1} Defendant-appellant, Mark Winberg (hereinafter "Mark"), appeals the decision of the Van Wert County Court of Common Pleas, awarding spousal support to plaintiff-appellee, Cheryl Winberg (hereinafter "Cheryl"), in the form of a mortgage assignment and awarding Cheryl a one-half interest in Mark's retirement benefits.
 {¶ 2} Cheryl and Mark were married on December 13, 1979. On June 10, 2003, after twenty three years of marriage, Cheryl filed a Complaint for Divorce. During the pendency of the divorce, the parties stipulated to the division of motor vehicles and personal property, the present values of pension and retirement benefits and the fair market value of the marital residence as well as the outstanding mortgage balance.
 {¶ 3} On March 12, 2004, a hearing was held in front of themagistrate. The magistrate entered a decision on April 29, 2004,determining that Cheryl should be paid spousal support, but that Mark wasunable to pay due to his lack of gainful employment despite two collegedegrees, several post college degrees and computer certifications. Themagistrate, therefore, ordered that the marital residence be sold andordered Mark to hold Cheryl harmless on and defend her against furtherliability on the $60,420 balance of the mortgage obligation in lieu ofthe support Mark would have otherwise been ordered to pay but for hisvoluntary unemployment.
 {¶ 4} The magistrate further ordered that Cheryl be awarded a one-halfinterest in the total present value of Mark's retirement benefits,equaling $30,279 and a credit of one-half of the funds depleted from themartial retirement account by Mark during the pendency of the divorce,equaling $7,666.
 {¶ 5} Mark subsequently filed objections to the magistrate'sdecision, which were overruled on August 24, 2004. The trial courtentered its Divorce Decree and Domestic Relations Orders on September22, 2004.
 {¶ 6} It is from this decision that Mark now appeals and sets forththree assignments of error for our review.
 ASSIGNMENT OF ERROR NO. I The trial court erred in awarding spousal support to theAppellee-Wife.
 {¶ 7} Mark argues, in this assignment of error, that Cheryl'scircumstances did not warrant the award of spousal support. Mark assertsthat Cheryl has a fulltime job and has few living expenses. Mark's lastfull time employment, on the other hand, was June 2002. Mark asserts thatthe conclusion he voluntarily failed to obtain and maintain employment iserroneous. Rather, Mark contends that during periods of unemployment, hewas retraining or obtaining additional education in order to make acareer change. Recently, he states that his employment prospects havebeen limited due to his rehabilitation following two hip surgeries.Considering the respective financial situations of the parties, Markasserts that it was error for the trial court to order him to pay spousalsupport.
 {¶ 8} A trial court has broad discretion in formulating spousalsupport awards and a reviewing court should not alter an award absent afinding that the trial court abused its discretion. Blakemore v.Blakemore (1983), 5 Ohio St.3d 217. An appellate court cannot substituteits judgment on factual or discretionary issues for that of the trialcourt. Id. at 218-219. An abuse of discretion must indicate that thetrial court's attitude is unreasonable, unconscionable or arbitrary. Id.at 219.
 {¶ 9} The nature, amount and duration of spousal support is determinedon the basis of the trial court's evaluation of the evidence under therelevant factors of R.C. 3105.18. Those factors include: the income ofthe parties; their relative earning abilities; their ages and physicalconditions; the retirement benefits of the parties; the duration of themarriage; the standard of living established during the marriage; therelative extent of education of the parties; relative assets andliabilities; the contribution of each party to the education, training,or earning ability of the other party; the time and expense necessary forthe spouse seeking support to acquire education, training, or jobexperience so that they may obtain appropriate employment; the taxconsequences of an award of spousal support; the lost income productioncapacity of either party that resulted from marital responsibilities; andany other factor that the court finds to be relevant.
 {¶ 10} At the final hearing, the following evidence was adduced withregard to these factors: Cheryl is employed full-time as a respiratorytherapist at Paulding County Hospital; just before the final divorcehearing, she quit a second part-time job at Van Wert County Hospital; in2003, her gross income was approximately $45,000 from the two jobs;during the marriage, Mark earned up to $66,000 in one tax year, but hasnot earned more than $7500 since 1997; Mark has not been steadilyemployed since 1997; Cheryl is forty-eight years old, Mark is forty-nineyears old; Mark had two hip replacement surgeries in July 2003, Cherylsuffers from diabetes and high blood pressure; Mark has retirementbenefits totaling approximately $60,000, Cheryl has retirement benefitstotaling approximately $18,000; the parties were married for twenty-threeyears and were relatively financially comfortable.
 {¶ 11} The evidence also established that Mark has a master's degreein business from Indiana University, which he obtained during themarriage, a bachelor's degree in mechanical engineering from the IndianaInstitute of Technology, and several computer certifications; Cherylobtained her respiratory therapist degree during the parties marriage;and that Cheryl was working two or three jobs during the time Mark wasretraining and obtaining additional education in order to make a careerchange.
 {¶ 12} Based on the consideration of this evidence, we can not findthat the trial court's determination that Cheryl was entitled to spousalsupport was unreasonable, unconscionable or arbitrary. Due to theeducation and training Mark received, he has significant earningability. Despite this, the trial court found that he remained voluntarilyunemployed while Cheryl worked multiple jobs during the marriage tosupport the family. Because the trial court is in a better position toobserve the demeanor of the witnesses and weigh their credibility, theweight of the evidence and the credibility of the witnesses are primarilyfor the trial court, the trier of fact in this case. See State v. DeHass(1967), 10 Ohio St.2d 230. Considering the facts as found by the trialcourt, we hold that the trial court did not abuse its discretion.
 {¶ 13} Mark's first assignment of error is overruled.
 ASSIGNMENT OF ERROR NO. II The trial court erred in awarding spousal support to the Appellee-Wifeand in apportioning that spousal support in the form of the mortgageobligation assignment to Appellant-Husband in lieu of spousal support.
 {¶ 14} As stated herein, the trial court ordered the marital residenceto be sold, with any net proceeds or deficiencies being Mark'sresponsibility. Mark was ordered to maintain all the costs and expensesof the house until its sale or its offering to public auction. The trialcourt ordered Mark to hold Cheryl harmless and defend her against furtherliability on the balance of the mortgage, approximately $60,000, in lieuof spousal support.
 {¶ 15} In this assignment of error, Mark incorporates his previousargument that the award of spousal support was in error and, inaddition, argues that the trial court erred in awarding said support inthe form of a mortgage obligation assignment. Mark asserts that themarital residence was in poor condition when it was jointly purchased andwhile the parties were cohabitating. Therefore, Mark contends that thetrial court erred in ordering that he be responsible for the balance onthe mortgage. Because we have already determined that the trial court didnot abuse its discretion in finding Cheryl was entitled to spousalsupport, the remaining issue, in this assignment of error, is whether itwas error for the trial court to order Mark to assume the mortgageinstead of making traditional support payments.
 {¶ 16} Cheryl testified that she left the marital residence becauseMark would not work and she could not "live like a pig" anymore. Shestated that the marital residence was in extremely poor condition,despite that fact that Mark was unemployed and had the time and skill tofix the home. For example, she stated there were holes in the roof wherewater would leak through; a new well had been drilled, but Mark neverhooked it up; the septic tank did not function properly; and the lawn wasunkempt. Cheryl testified that while she and Mark were married, she wasworking approximately seventy-two hours a week and did not have theenergy to take full responsibility of the house in addition to work.
 {¶ 17} After Cheryl moved out of the residence, the house continued todeteriorate. Mark failed to let the parties' dogs out of the house,resulting in canine waste and an accompanying odor throughout the house.The realtor testified that despite the parties' stipulation that thehouse was worth $60,000, she did not believe it could be sold for morethan approximately $50,000 due to the offending odor, the repairsnecessary to the exterior of the home and to an upstairs bedroom, whichhad been gutted down to the wood lath during the parties' marriage buthad never been remodeled.
 {¶ 18} R.C. 3105.18(B) provides that "an award of spousal support maybe allowed in real or personal property, or both, or by decreeing a sumof money, payable either in gross or by installments, from future incomeor otherwise, as the court considers equitable." After reviewing therecord, we do not find it was error for the trial court to order Mark toassume the mortgage on the marital residence. As we have found the awardof support was not in error, the trial court had to find a way for Markto pay spousal support in light of his unemployment, which the trialcourt determined was voluntary. We do not find it was inequitable for thetrial court to conclude that the most effective means of ensuring Cherylwould receive the equivalent of the support she was entitled to would beto assign Mark the responsibility of the marital residence, which was oneof the only assets he possessed. Accordingly, we do not find the trialcourt abused its discretion.
 {¶ 19} Mark's second assignment of error is overruled.
 ASSIGNMENT OF ERROR NO. III The trial court erred in granting Appellee one-half the interest in thetotal present value of the Appellant's retirement benefits based onattributing "depletion" of assets to Appellant.
 {¶ 20} In his final assignment of error, Mark argues that the trialcourt erred in awarding Cheryl a one-half interest in the total value ofhis retirement benefits, plus a credit of one-half of the sum that thetrial court found Mark had depleted from the Vanguard marital retirementaccount during the pendency of the divorce. Mark contends that the trialcourt's finding he had depleted the account by more than $15,000 was inerror, as he was permitted to withdraw necessary sums from the accountfor living expenses and mortgage payments because he was unemployedduring the divorce proceedings.
 {¶ 21} According to the temporary orders, Mark was restrained fromwithdrawing or transferring any sums from his Vanguard retirementaccount, with the exception that he could "withdraw all necessary sums topay his living expenses and mortgage payments." In addition, Mark was toprovide Cheryl's counsel with an itemized monthly accounting of all the expenditures from the retirement account.
 {¶ 22} Following the final hearing, the magistrate made findings offact and conclusions of law which were subsequently adopted by the trialcourt. Among these findings the magistrate found the following:
 The Defendant's retirement benefits include a Vanguard Account whichaccount balance as of 06-30-03 was thirty five thousand seven hundred andforty-five dollars ($35,745.00). Consistent with the Temporary Orderspreviously issued herein that account balance was drawn down to twentythousand four hundred and thirteen dollars ($20,413.00) as of 12-31-03 bythe Defendant. Emphasis added.
 {¶ 23} In consideration of this fact, the trial court ordered thatCheryl was to receive one half of the total present value of Mark'sretirement benefits, plus a credit equaling one-half of the moniesdepleted from the Vanguard account, amounting to $7,666.00.
 {¶ 24} After reviewing the record, we can find no evidence to supportMark's contention that the trial court determined his "depletion" wasimproper because there is no indication that the trial court found thewithdrawals were unauthorized or unnecessary. On the contrary, it wasdetermined that the depletion was "consistent with the temporary orders."Therefore, we will only consider whether the trial court erred inawarding Cheryl a sum equal to one half of the depleted funds from theVanguard marital account in addition to the onehalf interest in theaccount to which she was entitled.
 {¶ 25} "When considering a fair and equitable distribution of pensionor retirement benefits in a divorce, the trial court must apply itsdiscretion based upon the circumstances of the case, the status of theparties, the nature, terms and conditions of the pension or retirementplan, and the reasonableness of the result." Hoyt v. Hoyt (1990),53 Ohio St.3d 177, paragraph one of the syllabus.
 {¶ 26} From the facts before us, we cannot find that the court abusedits discretion in dividing the parties' retirement benefits. With regardto the Vanguard marital retirement account, the trial court awarded eachparty a one-half credit of the amount remaining at the time of the divorcedecree and awarded Cheryl a credit equal to one-half of the sum that Markdrew down to keep up the marital property and for his own livingexpenses. Although Mark disputes this credit, the record indicates thathe received the benefit of the sum expended, as he was living in themarital residence and was paying personal debts and obligations withfunds from the marital account. Although Mark was authorized to make suchpayments, the trial court determined that Cheryl's interest should not beaffected and, in essence, awarded her a one-half interest in the originalvalue of the account. We do not find the trial court erred in doing so.
 {¶ 27} Accordingly, Mark's third assignment of error is overruled.
 {¶ 28} Having found no error prejudicial to appellant herein, in theparticulars assigned and argued, we affirm the judgment of the trialcourt.
 Judgment affirmed.
 Bryant and Rogers, JJ., concur.